527 So.2d 647 (1988)
Henry Lee HARRIS
v.
STATE of Mississippi.
No. 57712.
Supreme Court of Mississippi.
May 18, 1988.
Rehearing Denied July 20, 1988.
James J. Fougerousse, Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
On August 5, 1986, Henry Lee Harris was convicted of the crime of felony shoplifting. Harris was sentenced as an habitual criminal pursuant to Miss. Code Ann. § 99-19-81 (1972) to a term of five years in the Mississippi Department of Corrections and ordered to pay a fine of one thousand dollars ($1,000.00) being the maximum sentence under Miss. Code Ann. § 97-23-47(3) (1972). This appeal was initiated by Henry Lee Harris based on the following four (4) assignments of error:
(1) THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE DOES NOT SUPPORT A CONVICTION OF FELONY SHOPLIFTING.
(2) THE COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR DIRECTED VERDICT.
(3) THE COURT ERRED IN GRANTING INSTRUCTIONS S-2 AND S-3 AND ERRED IN REFUSING TO GRANT INSTRUCTION D-4 FOR THE DEFENDANT.
(4) THE COURT ERRED IN ARRAIGNING THE APPELLANT AND PROCEEDING TO TRIAL UNDER THE HABITUAL OFFENDER STATUTE.

STATEMENT OF THE FACTS
On September 26, 1984, Henry Lee Harris, while accompanied by two females, went shopping at BeCa Furs, Inc. in Sturgis, Mississippi. The threesome browsed the store with the apparent intent of buying fur coats. Henry Lee Harris, dressed in female garb, purchased a blue fox pillow. Harris gave the salesperson the name "Joyce Carter" when the salesperson was filling out the receipt for Harris' purchase. *648 Oddly enough the salesperson did not become suspicious of the female alias. The fact that Harris was dressed as a female probably prevented the salesperson from inquiring further into Harris' identity. However, when Harris stated he did not know his zip code, the salesperson became suspicious. The salesperson alerted the Sturgis Police Department and informed the responding officer that two of the characters resembled persons who had been present in the store in February of 1984 when a fur coat was discovered missing.
The officer arrived promptly to discover only one unfamiliar car in the parking lot. The officer ran a check on the license plate of the automobile and discovered that it was registered to a Buick while the auto it was mounted on was an Oldsmobile. When Harris and his friends came out of BeCa and approached the automobile the officer attempted to halt the threesome to question them about the tag; the threesome hurriedly got in the car and made a quick get-a-way. In the process of this get-a-way, the suspicious salesperson discovered that two fur coats were missing. The salesperson alerted the policeman, who was still attempting to halt the threesome, and he went in hot pursuit of the fleeing auto. Two male employees of BeCa followed the police car.
While the car was in the process of speeding away from the police car an observing witness saw a passenger throw a bundle of coats from the car window. The furs consisted of one raccoon coat, one ring-tailed coat with a coyote fur collar, one ring-tailed cape and a mink purse. The testimony of the witness revealed that the coats were thrown from the front passenger window. The testimony of the responding officer revealed that Harris was sitting in the front passenger seat of the vehicle when he stopped the get-a-way vehicle.

I. DID THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE SUPPORT A CONVICTION OF FELONY SHOPLIFTING?
Harris was convicted pursuant to § 97-23-45 of the Mississippi Code of 1972 which states:
Any person who shall wilfully and unlawfully take possession of any goods, wares, or merchandise owned or held by and offered or displayed for sale by any store or other mercantile establishment with the intention and purpose of converting such goods, wares or merchandise to his own use without paying the purchase price therefore shall be guilty of the crime of shoplifting and upon conviction, shall be punished as provided in § 97-23-47.
The penalties for said offense are contained in § 97-23-47(3) of the Mississippi Code of 1972 as amended and provide the following:
When the value of the goods, wares or merchandise taken shall be One Hundred Dollars ($100.00) or more, any person who shall commit the offense of shoplifting shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment in the State Penitentiary for a term of not exceeding five years; or shall be fined not more than One Thousand Dollars ($1,000.00) or both.
Harris was sentenced pursuant to Mississippi Code Annotated § 99-19-81 (Supp. 1972) which provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
It is uncontroverted that Harris, while dressed as a female, went to BeCa Furs accompanied by two females, that three (3) fur coats and a purse were concealed and taken from the store, that the three (3) companions left the store at a high speed *649 while being pursued by a police officer and finally, that the furs were thrown from the car front passenger window while the suspects were fleeing from the police. Further, that when the policeman stopped the get-a-way vehicle Harris was occupying the front passenger seat of the car.
The jury determined from these facts that Harris was guilty of felony shoplifting. Because the jury is the sole judge of the evidence, its decision "will not be set aside where there is substantial and believable evidence." Billiot v. State, 454 So.2d 445, 463 (Miss. 1984). See also Arteigapiloto v. State, 496 So.2d 681, 686 (Miss. 1986); Harrigill v. State, 381 So.2d 619, 623 (Miss. 1980).
In Groseclose v. State, 440 So.2d 297 (Miss. 1983) this Court stated:
[W]e will not order a new trial unless convinced that the verdict is contrary to the overwhelming weight of the evidence, that allowing it to stand, would be to sanction an unconscionable injustice. [citation omitted] Any less stringent rule would denigrate the constitutional power and responsibility of the jury in our criminal justice system.
In criminal cases generally, we have repeatedly stated our view of the role and function of the jury. For example, in Gandy v. State, 373 So.2d 1042 (Miss. 1979), we wrote:
Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear. They may believe or disbelieve, accept or reject the utterance of any witness... . A reviewing court cannot and need not determine the exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict. It is enough that the conflicting evidence presented a factual dispute for jury resolution. [citation omitted]
440 So.2d 300.
This Court has further stated:
Under our system, the jury is charged with the responsibility for weighing and considering conflicting evidence and the credibility of witnesses. [citations omitted] Once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that under the evidence, taken in the light most favorable to the verdict, no reasonable hypothetical juror could find beyond a reasonable doubt that the defendant was guilty.
Similarly, we will not order a new trial unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice. [citations omitted]
Winters v. State, 449 So.2d 766, 771 (Miss. 1984). See also Ruffin v. State, 481 So.2d 312, 316-317 (Miss. 1985). Based upon the foregoing this Court finds this assignment of error without merit.

II. DID THE LOWER COURT ERR IN REFUSING TO GRANT THE DEFENDANT'S MOTION FOR DIRECTED VERDICT?
In considering a motion for a directed verdict, all evidence introduced by the State is accepted as true, together with any reasonable inferences that may be drawn from that evidence, and if there is sufficient evidence to support the verdict, the motion for a directed verdict must be overruled. Shelton v. State, 445 So.2d 844, 848 (Miss. 1984); Bayse v. State, 420 So.2d 1050 (Miss. 1982).
From the facts in evidence, it is undisputed that Harris went to BeCa Furs with two other people and someone in the group concealed the furs and left the store with the intent to steal them. It is also undisputed that when they were approached by the police officer, Harris and his cohorts hurriedly attempted to get in their car and escape. The law is clear that persons committing crime in concert may be found equally guilty by the jury. Callahan v. State, 419 So.2d 165, 175 (Miss. 1982). In light of the fact that there was ample evidence to support a finding that Harris was at the very least acting in concert with the true thief this assignment of error is without merit.

*650 III. DID THE LOWER COURT ERR IN GRANTING INSTRUCTIONS S-2 AND S-3 AND ERR IN REFUSING TO GRANT INSTRUCTION D-4 FOR THE DEFENDANT?
At the close of the testimony the State offered Instruction S-2 to which defendant objected based on grounds that the instruction was not founded in evidence and assumes facts not in evidence. Instruction S-2 reads as follows:
INSTRUCTION S-2
The Court instructs the jury that if you find from the evidence in this case beyond a reasonable doubt that the defendant, Henry Harris, did on or about September 26, 1984, unlawfully, wilfully, and feloniously take possession of one raccoon coat, one ring tailed cape, one mink purse and one ring tail coat, having a total value in excess of One Hundred Dollars ($100.00), which were owned and displayed for sale by BeCa Furs, Inc., with the intent to convert these articles to his own use without paying the purchase price therefore, then you shall find the Defendant guilty as charged. (R-240)
Appellant further objected to Instruction S-3 offered by the State on the grounds that it was not supported by the evidence.
INSTRUCTION S-3
The Court instructs the jury that under the laws of the State of Mississippi anyone who aids, assists and encourages in the commission of a crime is deemed a principal to that crime. Therefore, if you find from the evidence in this case beyond a reasonable doubt that the defendant, Henry Harris, aided assisted, and encouraged another or others in feloniously taking the fur articles herein, then Henry Harris is a principal to the crime of shoplifting. (R-142)
In addition to the granting of these instructions for the State, the court refused to grant Instruction D-4 which reads:
INSTRUCTION D-4
The Court instructs the jury that before you can convict the defendant on the evidence presented to you in this case you must exclude every other reasonable hypothesis, and if there is any reasonable theory that may be drawn from the evidence which is consistent with the Defendant's innocence then you must find the Defendant not guilty. (R-231)
Appellant asserts that at least as to his involvement in this case the proof against him is fully circumstantial and the refusal to grant him an instruction such as D-4 denied him a fair and impartial hearing.
After reviewing the instructions carefully this Court finds that the court adequately instructed the jury on the applicable law and therefore committed no error. Instruction S-2 is simply framed to state the law as set forth in Miss. Code Ann. § 97-23-45 (1972).
Instruction S-3 simply sets forth the principle of law which provides that persons committing a crime in concert may be found guilty by the jury as set forth in Callahan v. State, 419 So.2d 165, 175 (Miss. 1982).
The record reflects that the jury was fully and fairly instructed concerning the applicable law therefore it was not error for the court to refuse Instruction D-4. Mullins v. State, 493 So.2d 971, 976 (Miss. 1986); Billiot v. State, 454 So.2d 445, 461 (Miss. 1984).
Instruction C-12(a) was given which provides as follows:
The law presumes every person charged with the commission of a crime to be innocent. This presumption places upon the state the burden of proving the defendant guilty beyond a reasonable doubt. The presumption of innocence attends the defendant throughout the trial or until it is overcome by evidence which satisfies the jury of his guilt beyond a reasonable doubt. The defendant is not required to prove his innocence.
This instruction given by the court states the burden of proof in clear terms negating the need for Instruction D-4.

*651 IV. DID THE COURT ERR IN ARRAIGNING THE APPELLANT AND PROCEEDING TO TRIAL UNDER THE ENHANCED PROVISIONS OF THE HABITUAL OFFENDER STATE?
Appellant asserts that he was denied due process of the law when he was re-indicted under the enhanced provision of the habitual offender statute. Appellant was indicted for felony shoplifting in October of 1984 and was tried by a jury wherein the trial ended in a mistrial. After an intervening term of court the appellant was re-indicted as an habitual offender pursuant to Miss. Code Ann. § 99-19-31 (1972). Harris was then found guilty resulting in this appeal. Harris asserts that the reason he was indicted and later sentenced under Miss. Code Ann. § 99-19-81, the habitual offender statute, was in retaliation for his refusal to plead guilty in lieu of going back to trial.
Obviously the foregoing argument is bogus. The record contains certified copies of four previous convictions of charges separately brought and arising out of separate incidents for which defendant was sentenced to separate terms of one year or more. Furthermore, Harris admits to a fifth conviction for possession of cocaine with intent to distribute. Sentencing under Miss. Code Ann. § 99-19-81 (1972) is not discretionary. If a defendant is a repeat offender falling within the provisions of Miss. Code Ann. § 99-19-81 the trial judge has no alternative but to sentence him under said statute. Therefore, it is clear that this assignment is without error.
Finding no error we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.