McMILLIN, C.J.,
for the Court:
. ¶ 1. Gregory Lipsey was convicted in Leake County of grand larceny. The State presented evidence from the victim, an eighty-nine year old convenience store employee, that he was approached by Lip-sey and another individual as he returned to the store from the bank with over $5,000 in cash in a bank bag. According to the victim, the two assailants physically restrained his movements by hemming him in from both sides. The other individual then snatched the money bag and both assailants fled. Two eyewitnesses from inside the store came outside upon hearing the victim’s cries and both positively identified Lipsey as one of the two men seen fleeing the scene. Lipsey was picked up by law enforcement officers sitting on the side of the road within approximately an hour of the crime.
¶ 2. Testifying as the sole witness in his own defense, Lipsey claimed .to have been riding with a male companion, Jimmy Cooks, who was alleged to be the other culprit, and the companion’s female friend on the day of the crime. However, Lipsey said that his companions had unexpectedly abandoned him on the side of the road when he asked to stop- to use the bathroom. He also claimed- that he had seen Cooks in a conversation earlier in the day with another person having a similar build, the same rather unique hairstyle, and the same dress as Lipsey himself. Lipsey denied having participated in the crime and denied having been at the location of the crime on that day.
¶ 3. On appeal, Lipsey raises one issue, which he identifies as being a claim that the verdict was against the weight of the evidence; however, his argument is an attack on the sufficiency of the evidence, and we will consider the question of the *825 sufficiency of the evidence of his guilt. In advancing his argument, Lipsey has abandoned his theory that this was a case of mistaken identity and that the true assailant was the unidentified individual bearing a striking resemblance to him seen conversing with his companion earlier in the day. Instead, Lipsey now suggests that there are plausible explanations for his behavior that are as equally consistent with his innocence as with his guilt. Specifically, he suggests that it could have been mere happenstance that he was standing on one side of the store clerk when his companion decided to grab the money bag and flee, and that evidence that he fled the scene was consistent with the proposition that he had simply panicked. Because, according to Lipsey, this explanation of events is as plausible as the more sinister interpretation urged by the State, Lipsey urges that the prosecution has failed in its burden to demonstrate his guilt beyond reasonable doubt.
¶4. In determining whether the evidence is sufficient to support a criminal conviction, this Court must view all the evidence in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). Only if we are convinced that, when viewing the evidence in that light, the proof as to one or more of the critical elements of the crime was so lacking that a fair-minded juror could only find the defendant not guilty may we intercede. Id. The State’s theory in this case was that Lipsey and his companion were acting in concert in an effort to obtain the money in the possession of the store clerk. When two people act in concert or when one person aids another in the committing a crime, both are equally guilty as principals in the eyes of the law. Harris v. State, 527 So.2d 647, 649 (Miss.1988). In this case, the evidence was sufficient to permit the jury to infer that Lipsey, by his acts of physically limiting the free movement of the store clerk while his companion grabbed the bag containing the money, was acting to aid and abet his companion’s efforts. As the State points out in its brief, Lipsey’s argument that an alternate plausible interpretation of the evidence consistent with innocence requires an acquittal only has application in cases based solely on circumstantial evidence. Murphy v. State, 566 So.2d 1201, 1204 (Miss.1990). This is not a circumstantial evidence case.
¶ 5. Additionally, Lipsey’s argument that tips supposedly plausible alternative construction of the facts, consistent with innocence also fails to take into account that the theory was not submitted to the jury for consideration. At trial, Lipsey attempted to persuade the jury that he was somewhere other than the crime scene, having been unceremoniously abandoned by Cooks prior to his joining up with the yet-unidentified Lipsey look-alike to accomplish their evil purpose. It is not the obligation of the jury to engage in collective brain-storming to identify and assess every imaginable construction of the evidence that might theoretically exonerate the defendant when the defendant himself has not advanced such a construction of the facts as a part of his defense. This attack on the sufficiency of the State’s evidence is without merit.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.