914 So.2d 814 (2005)
John ROSS a/k/a Michael A. Smith, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01444-COA.
Court of Appeals of Mississippi.
November 15, 2005.
Morris Sweatt, Columbia, attorney for appellant.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. John Ross was tried and convicted in the Circuit Court of Marion County for one count of grand larceny. The trial judge sentenced Ross to serve five years in the custody of the Mississippi Department of Corrections. Feeling aggrieved by the judgment against him, Ross appealed. He now asserts that the trial court erred in failing to grant his motion for directed verdict and in denying his motion for a jury instruction of not guilty. John also contends that the verdict was contrary to the weight and sufficiency of the evidence.
¶ 2. Finding no merit, we affirm the judgment of the trial court.

FACTS
¶ 3. On the morning of November 11, 2002, John Ross ("Ross") and Michael Ross ("Michael") devised a plan to steal cigarettes from a tobacco store in Columbia, Mississippi. Michael testified that after formulating the plan at his brother's trailer, the two men went to a grocery store in Prentiss, Mississippi to inform Cory McInnis of their scheme. Michael further testified that thirty minutes after recruiting McInnis, Jeffrey Gray pulled up in his car. Upon hearing the plan, Gray agreed to contribute his car, if McInnis agreed to drive. The four men, with McInnis behind the wheel of Gray's car, filled the car up with gas and drove from Prentiss to Smokey's Discount Tobacco and Beer in Columbia, Mississippi.
¶ 4. Michael testified that he and Ross entered the store, and according to plan, *815 Ross attempted to cause a diversion while Michael stole the cigarettes. Ross approached Stephanie Elliott, an off-duty employee of Smokey's, and began asking her questions about a specific brand of cigars, Black and Milds. After receiving the signal to proceed from Ross, Michael walked to the back of the store, where the inventory was stored, and grabbed two cases of cigarettes. Elliott testified that as Ross continued to ask her questions, she noticed Michael out of the corner of her eye, walking toward the back of the store. Elliott followed after Michael, and as she did so Ross made his way toward the front door of the store. Meanwhile, Michael exited the building through the back door with the stolen cigarettes. Once Ross reached the front door, he ran across the parking lot and jumped in the car with the three other men. Gray and McInnis later testified that, after jumping in the back seat of the car, Ross asked Michael if he got "them," to which Michael replied, "chill out."
¶ 5. As the car drove away, the employees of the tobacco store ran outside, wrote down the license plate number, and called the police. An all points bulletin was issued, and shortly thereafter, the four men were pulled over by Marcus Everette, a highway patrolman. Officer Everette searched the vehicle and located the stolen cigarettes in the trunk of the car. Albert Preston, a captain and detective with the Columbia Police Department, testified that he took Ross's statement the day of his arrest, and that Ross used the name Michael A. Smith.
¶ 6. Ross was charged with one count of grand larceny for willfully, unlawfully and feloniously taking, stealing and carrying away the personal property of Smokey's Discount Tobacco and Beer, in violation of Mississippi Code Annotated § 97-17-43 (Rev.2000). The total value of the stolen cigarettes exceeded $1,700.

ISSUES AND ANALYSIS
¶ 7. Ross presents the following issues for review: (1) whether the court committed reversible error when it did not sustain Ross's motion for a directed verdict on the ground that the State failed to prove the charges contained in the indictment; (2) whether it was error to deny Ross's jury instruction D-1; and (3) whether the verdict was contrary to the weight and sufficiency of the evidence. In his brief, Ross combines these issues into one broad challenge to the weight and sufficiency of the evidence. However, we must distinguish between our review for challenges to the legal sufficiency of the evidence, and our standard of review for challenges to the weight of the evidence.

(a) Sufficiency of the Evidence
¶ 8. A motion for a directed verdict and JNOV, as well as a request for a peremptory instruction, challenge the legal sufficiency of the evidence, "since each requires consideration of the evidence before the court when made." Purnell v. State, 878 So.2d 124, 129 (Miss.Ct.App.2004) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). "The standard of review for a denial of a directed verdict, peremptory instruction, and a JNOV are identical." Purnell, 878 So.2d at 128 (quoting Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003)). Reversal on the issue of legal sufficiency can only occur when evidence of one or more of the elements of the charged offense is such that "reasonable and fair-minded jurors could only find the accused not guilty." Purnell, 878 So.2d at 129 (citing Hawthorne, 835 So.2d at 21(¶ 31)). However, where substantial evidence of such quality and weight exists to support the verdict, and where reasonable and fair-minded jurors may have *816 found the Appellant guilty, we must affirm the judgment of the trial court. McClendon v. State, 852 So.2d 43, 47(¶ 11) (Miss.Ct.App.2002) (citing Baker v. State, 802 So.2d 77, 81(¶ 13) (Miss.1995)).
¶ 9. Ross argues that the trial court erred in declining to grant his motion for directed verdict at the close of the State's case-in-chief, as well as his request for the court to instruct the jury to find him "not guilty," and his motion for JNOV. In support of his challenge to the legal sufficiency of the evidence, Ross offers only his direct testimony that he knew nothing of Michael's plan to commit a crime and that he did not realize a crime had taken place until after the fact. Ross also asserts that he did not participate in the larceny because the cigarettes were stolen from the storeroom, outside of the shopping area where he was standing.
¶ 10. The State's evidence was presented through the testimony of co-defendants Michael Ross, Jeff Gray, and Corey McInnis, as well as the testimony of Stephanie Elliott and Detective Preston, among others. Michael testified that he and Ross were together in his brother's trailer, devising the plan to steal cigarettes, on the morning that the larceny took place. Gray and McInnis testified as to the incriminating statements made by Ross upon entering the car after the crime had taken place. Stephanie Elliot's testimony described the persistent nature of the time consuming, elementary questions Ross asked of her leading up to the larceny. Detective Preston testified that Ross used a false name while giving his statement. Moreover, in his statement to the police, Ross described an incident similar to the larceny at Smokey's, which took place during his excursion to Hattiesburg, Mississippi with Michael the day before.
¶ 11. Ross's assertion that his testimony alone is sufficiently overwhelming to justify reversal is without merit. Given the State's evidence, reasonable jurors could have concluded that Ross was guilty of grand larceny. Moreover, when two people act in concert or when one person aids another in committing a crime, both are equally guilty as principals in the eyes of the law. Lipsey v. State, 756 So.2d 823, 825(¶ 4) (Miss.Ct.App.2000) (citing Harris v. State, 527 So.2d 647, 649 (Miss.1988)). Thus, Ross's contention that he could not have participated in the larceny from his vantage point is also without merit.

(b) Weight of the Evidence
¶ 12. When considering whether a jury verdict is contrary to the overwhelming weight of the evidence, "we must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Walker v. State, 881 So.2d 820, 831(¶ 32) (Miss.2004) (citations omitted). It is a fundamental principle of law that a jury verdict will not be disturbed except in the most extreme situations. Washington v. State, 800 So.2d 1140, 1141(¶ 10) (Miss.2001) (quoting Manning v. State, 735 So.2d 323, 333(¶ 10) (Miss.1999)). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Walker, 881 So.2d at 831(¶ 32) (citations omitted).
¶ 13. Ross contends that his testimony was enough to present the jury with reasonable doubt, and that the guilty verdict rendered by the jury must have been based on bias or prejudice. Furthermore, Ross argues that a mistrial should be declared and a new trial awarded or, in the alternative, that this Court should reverse and render him not guilty.
*817 ¶ 14. After reviewing the evidence presented by the State in support of Ross's conviction, we cannot say that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. We find that the facts and reasonable inferences drawn from those facts strongly point toward Ross's guilt. Therefore, this issue is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY OF CONVICTION OF GRAND LARCENY AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.