LEE, C.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On January 12, 2000, in the Marshall County Circuit Court, Melvin Martin pleaded guilty to one count of armed robbery and two counts of aggravated assault. On the armed-robbery count, Martin was sentenced to thirty years with ten suspended and twenty years to serve in the custody of the Mississippi Department of Corrections (MDOC). On the aggravated-assault counts, Martin was sentenced to twenty years on each count. The sentences imposed on the aggravated-assault counts were ordered to run concurrently with each other and concurrently with the time imposed on the armed-robbery count.
 

 ¶ 2. On March 26, 2010, Martin filed his motion for post-conviction relief. The trial
 
 *1289
 
 court denied Martin’s motion for post-conviction relief. Martin now appeals, asserting that he was given erroneous advice concerning the amount of time he was ordered to serve.
 

 STANDARD OF REVIEW
 

 ¶ 3. A trial court’s denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 4. According to Mississippi Code Annotated section 99-39-5(2) (Supp.2010), a motion for post-conviction relief following a guilty plea shall be made “'within three (3) years after entry of the judgment of conviction.” Although the record does not reflect whether Martin’s entry of the judgment of conviction was on the same day as his plea colloquy, we find it appropriate to use January 12, 2000, as our starting date. Martin did not file his motion for relief within the statutory time period; thus, his motion for relief is time-barred.
 

 ¶ 5. Notwithstanding the time bar, we will address the merits of Martin’s argument. There are exceptions to the three-year statute of limitations found in section 99-39-5(2), including “those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.” However, Martin is not arguing that his parole has been unlawfully revoked or that his sentence was illegal, only that he was given erroneous advice. Although Martin’s claim is time-barred, the record is clear that he was informed of his sentence at the time of his guilty plea. Furthermore, there is no evidence through affidavits or otherwise that Martin relied upon any purported misinformation when deciding to plead guilty. This issue is without merit.
 

 ¶ 6. THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
 

 GRIFFIS, P.J., MYERS, BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR. IRVING, P.J., AND ROBERTS, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.