RUSSELL, J.,
for the Court:
¶ 1. Clonelle Shields appeals the Madison County Circuit Court’s judgment denying his motion for post-conviction relief (PCR). Shields argues he should not have been sentenced as a habitual offender due to the reversal of one of his prior felony convictions. However, we find that Shields had two prior felony convictions, in addition to the felony conviction that was reversed; thus, sentencing was proper under the habitual-offender statute. Therefore, we affirm the circuit court’s denial of his PCR motion.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 1996, Shields was convicted of grand larceny and sentenced to serve two years. On January 23, 1998, Shields was convicted of aggravated assault’ and subsequently sentenced to twelve years in the custody of the Mississippi Department of Corrections. Later, the 1998 aggravated-assault conviction was affirmed by this Court.[1] In addition to these two felony convictions, Shields was convicted of another felony for aggravated assault on April 4, 1997, but the Mississippi Supreme Court, applying the direct-remand rule, reversed Shields’s conviction as to aggravated assault and remanded the case to the circuit court for resentencing under the simple-assault statute.[2]
¶ 3. On March 3, 2010, Shields was indicted for two counts of business burglary. On June 21, 2010, the State filed a motion to amend the indictment to charge Shields as a habitual offender because Shields had previously been convicted of two separate felonies. The State listed the following prior convictions within its motion:
That the defendant, Clonelle Shields, was previously convicted [on] March 22, 1996[,] in the Circuit Court of Madison County, Mississippi^] in Cause Number 2530 [of] the crime of [g]rand [l]arceny[,] and the defendant was sentenced to a two (2) years [sic] sentence in custody of the Mississippi Department of Corrections.
That the defendant, Clonelle Shields, was previously convicted [on] January 23, 1998[,].in the Circuit Court of Madison County[, Mississippi,] in Cause Number 3005 [of] the crime of aggravated assault, a felony, said crime occurring September 29, 1996, and the defendant was sentenced to twelve (12) years in [the] custody of the Mississippi Department of Corrections.
¶ 4. On June 24, 2010, the circuit court entered an order amending the indictment allowing the State to charge Shields as a habitual offender based on the two prior felony convictions listed in the State’s motion to amend. On the same day, the State filed its bill of information against Shields for two counts of simple assault of a law-enforcement officer and one count of felony possession of cocaine. The State’s information sought to charge Shields as a habitual offender based two prior felony convictions, namely: Shields’s 1998 aggravated-assault conviction (cause number 3005), which was subsequently affirmed by this Court; and Shields’s 1997 aggravated-assault conviction (cause number 2783), which our supreme court, applying the direct-remand rule, reversed and remanded for sentencing under the simple-assault statute.
115. Also on June 24, 2010, Shields filed a petition to enter a guilty plea on the following offenses: (1) business burglary *383 (Count I); (2) business burglary (Count II); (3) simple assault of a law-enforcement officer (Count I); (4) simple assault of a law-enforcement officer (Count II); (5) possession of more than .1 gram but less than 2 grams of cocaine (Count III). In his petition, Shields listed the following prior convictions: “1996 — business burglary, grand larceny, aggravated assault, [and] escape — Madison County.” Shields also stated within his petition that his guilty plea was to be taken under Mississippi Code Annotated section 99-19-81 (Rev.2007), the habitual-offender statute. A hearing was held on Shields’s petition to enter a plea of guilty, and the following exchange took place:
The Court: Now, I don’t know what the recommendation is, but I know that some of these would be imposed as a habitual offender. As such, you have to serve every day of that sentence that is imposed day-per-day. No early release. No good time. No earned time. Do you understand that?
A: Yes, sir.
A judgment of conviction was entered on June 28, 2010, and Shields was sentenced as a habitual offender.
¶ 6. On September 22, 2010, Shields filed a PCR motion seeking to have his enhanced sentence as a habitual offender vacated on the basis that the 1997 aggravated-assault conviction listed within the State’s information was reversed by the supreme court and that case was remanded for resentencing under the simple-assault statute. On October 21, 2010, the circuit court entered a judgment denying Shields’s PCR motion, which reads, in pertinent part, as follows:
[Shields] was convicted, based on a plea of guilty, [of] the crimes of [b]usiness [b]urglary in [c]riminal [c]ause [n]um-bers 2010-0155 and 2010-0156 Count I and Count II, [s]imple [a]ssault on a [l]aw [enforcement [o]fficer in [c]riminal [c]ause [n]umber 2010-0494 Count I and Count II[,] and [possession of [m]ore than .1 gram but less then 2 grams of [c]ocaine in [c]riminal [c]ause [n]umber 2010-0494 Count III and was sentenced as an [sic] habitual offender pursuant to Mississippi Code [Annotated] § 99-19-81. It is from that conviction and sentence that [Shields’s] petition’s [sic] this Court. Specifically, [Shields] challenges his status as an [sic] habitual offender. On June 24, 2010, the State submitted an order amending the indictment to charge [Shields] as an [sic] habitual offender[,] which this [c]ourt granted. Subsequently, [Shields] entered his plea of guilty to the above crimes and was sentenced pursuant to § 99-19-81 based on the fact that [Shields] was previously convicted [on] March 22, 1996, in the Circuit Court of Madison County, Mississippi[,] in [c]ause [n]umber 2530 for the crime of [g]rand [l]arceny and was sentenced to a two (2) year sentence in the custody of [the] MDOC and that [Shields] was previously convicted [on] January 23, 1998, in the same court in cause number 3005 for the crime of aggravated assault and was sentenced to twelve (12) years in the custody of [the] MDOC.
On June 24, 2010, [Shields] agreed to enter a guilty plea and plead guilty as an [sic] habitual offender[;] and as such, the sentencing under § 99-19-81 is not discretionary. [Shields] is a repeat offender falling within the provision of this sectionf,] and the trial judge had no alternative but to sentence [Shields] under that statute.
Shields asserts on appeal that he was improperly sentenced as a habitual offender. Upon our review, we find no error. Therefore, we affirm the circuit court’s denial of Shields’s PCR motion.
*384 DISCUSSION
¶ 7. The circuit court’s denial of a PCR motion will not be reversed unless its decision was clearly erroneous. Martin v. State, 66 So.3d 1288, 1289 (¶ 3) (Miss.Ct. App.2011) (citing Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002)). “However, when issues of law are raised, the proper standard of review is de novo.” Id. (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
¶ 8. Our habitual-offender statute states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Miss.Code Ann. § 99-19-81 (emphasis added). Sentencing under this statute is not discretionary. Courtney v. State, 704 So.2d 1352, 1360 (¶ 34) (Miss.Ct.App.1997). Rather, “[i]f a defendant is a repeat offender falling within the provisions of [section] 99 — 19—81[,] the trial judge has no alternative but to sentence him under said statute.” Id. (quoting Harris v. State, 527 So.2d 647, 651 (Miss.1988)).
¶ 9. Shields argues the circuit court erred in sentencing him as a habitual offender because his 1997 aggravated-assault conviction, a felony, was reversed by our supreme court and remanded for sentencing under the simple-assault statute, a misdemeanor. While this is true, Shields had two other felony convictions that were properly used to sentence Shields as a habitual offender. Specifically, the conviction of aggravated assault on January 23, 1998, was affirmed by this Court, and his 1996 conviction for grand larceny was never appealed, vacated, or otherwise reversed. Therefore, under our habitual-offender statute, Shields was required to be sentenced as a habitual offender because he had two prior felony convictions at the time of his guilty plea. As such, we affirm the judgment of the circuit court denying Shields’s PCR motion.
¶10. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. FAIR,J., NOT PARTICIPATING.

. See Shields v. State, 751 So.2d 476, 481 (¶ 20) (Miss.Ct.App.1999).

. See Shields v. State, 722 So.2d 584, 587 (¶ 19) (Miss.1998).