GRIFFIS, P.J.,
for the Court:
¶ 1. Darrel Dewayne Easley appeals the Calhoun County Circuit Court’s denial of his motion for post-conviction collateral relief. He claims that he was improperly sentenced as a habitual offender because: (1) his plea petition was changed to include the word “habitual” at some point after he had signed the petition; (2) the State failed to prove his prior convictions; and (3) his sentence is illegal. We find no error and affirm.
FACTS
¶ 2. Easley was indicted as a habitual offender on two counts of burglary of a dwelling pursuant to Mississippi Code Annotated section 97-17-23(1) (Rev.2006) and five counts of grand larceny pursuant to Mississippi Code Annotated section 97-17-41(1) (Supp.2010). The indictment alleged that Easley had two prior felony convictions in Arkansas.
¶ 3. On August 8, 2006, Easley entered a guilty plea to all of the charges in the indictment. His sentencing order was filed in the circuit court on September 9, 2006. He was sentenced to twenty years in the custody of the Mississippi Department of Corrections (“MDOC”) with *814 twelve years suspended and eight years to serve on each of the two burglary counts. He was sentenced to ten years in the custody of the MDOC with two years suspended and eight years to serve on each of the five counts of grand larceny. His sentences under each count are to run concurrently. Easley was also placed on five years of post-release supervision.
¶ 4. On September 9, 2009, Easley, represented by counsel, filed his motion for post-conviction collateral relief. In that motion, Easley stated that, at some point after he had entered his guilty plea, “the Petition To Enter Plea of Guilty was altered by the addition of the word ‘habitual.’ ” The only relief requested in the motion was that the habitual-offender status be removed from Easley’s sentence and the records of the MDOC.[1]
¶ 5. The circuit court found that the transcript of the guilty-plea proceedings made clear that Easley had knowingly pleaded guilty as a habitual offender. Easley’s motion was denied on September 14, 2009.
¶ 6. Easley filed his second motion for post-conviction collateral relief on November 10, 2009. Easley stated that his first motion had been filed by his attorney on his attorney’s own initiative. Easley further asserted that the first motion failed to state a claim that he had received an illegal sentence. The circuit court found that Easley’s second motion was both time-barred and barred as a successive writ. The motion was denied on February 25, 2010.
¶ 7. Easley now appeals the denial of both motions for post-conviction relief. The two appeals have been consolidated for our review.
STANDARD OF REVIEW
¶ 8. “In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS

1. Addition of the Word “Habitual” to Easley’s Plea Petition-

¶ 9. Easley argues that he was improperly sentenced as a habitual offender. Easley makes it quite clear that he does not claim that he involuntarily pleaded guilty. Instead, he claims that he did not voluntarily enter a guilty plea as a habitual offender. Upon our review of the record in this case, we are unconvinced by this argument.
¶ 10. First, Easley argues that he was improperly sentenced as a habitual offender because the word “habitual” did not appear in the plea agreement portion of his petition to enter a guilty plea at the time he signed the petition. Easley contends that this word was added by someone unknown to him at some point after he had signed the petition. He cites the following exchange during the plea hearing in support of this argument:
BY THE COURT: I had somewhere that this was habitual. It’s not in the plea petition.
[COUNSEL FOR DEFENDANT]: It’s in the indictment.
*815 BY THE COURT: Is it habitual years you are recommending?
([Counsel for the State] nodded his head up and down.)
[COUNSEL FOR DEFENDANT]: That’s what the agreement was.
BY THE COURT: ... As stated earlier, these are all habitual cases. You pled guilty as an [sic] habitual offender, and the Court sentences you as an [sic] habitual offender to the time previously imposed.
(Emphasis added). However, the circuit court’s statement that Easley’s habitual status was not in the plea petition does not prove that Easley was unaware that he would be sentenced as a habitual offender.
¶ 11. Under each of the seven counts in Easley’s indictment, Easley was charged as a habitual offender. The language of the indictment set forth the details of Eas-ley’s two prior felony convictions, which occurred in Arkansas, and it specifically cited Mississippi Code Annotated section 99-19-81 (Rev.2007) — the statutory basis for charging Easley as a habitual offender.
¶ 12. In his signed plea petition, Easley admits his guilt as to all the charges in the indictment, which clearly charged him as a habitual offender. Easley’s plea petition further states: “My lawyer has advised me of the elements of the charge to which I am pleading. I submit that all the elements are proven by the true facts. Therefore, I am guilty and ask the court to accept my plea of guilty.”
¶ 13. Furthermore, the following exchange occurred between the circuit judge and Easley during the plea hearing:
Q: If the Court accepts your guilty plea here today, the crime that you are pleading guilty to will go on your record as a felony or 7th felony. You need to be aware that we have a law in Mississippi call[ed] the Habitual Offender’s Act. It’s also referred to [as] the three-strikes law or the three-time loser law. There are similar laws on the books in many other states and in other jurisdictions.
Under this particular law if you are charged with a third or subsequent felony in your lifetime and if you are indicted as an [sic] habitual offender, if you are then convicted and indicted as [a] habitual offender, you would be sentenced to serve every day of your sentence without the possibility of early release, probation, or parole; and if one or more of those felonies is a crime of violence and you are indicted and convicted as an [sic] habitual offender, you would be sentenced to serve the remainder of your li[f]e in the penitentiary without the possibil-it[y][of] early release, probation, or parole.
And, furthermore, in your case you were indicted as an [sic] habitual offender and your plea, according to your documentation, is being offered as an [sic] habitual offender, which means that you will serve day for day any sentence the Court imposes on you here today. Do you understand this?
A: Yes, sir.
(Emphasis added). Thus, the record refutes Easley’s current assertion that he was unaware he would be sentenced as a habitual offender. Easley was made aware of the consequences of pleading guilty as a habitual offender. Easley accepted those consequences and voluntarily entered his guilty pleas. Accordingly, this issue has no merit.

2. State’s Failure to Prove Easley’s Prior Convictions

¶ 14. Easley further claims that he was improperly sentenced as a habitual *816 offender because the State did not put on proof of his prior convictions during the plea hearing. We note that Easley failed to raise this issue until his second motion, which is both time-barred under Mississippi Code Annotated section 99-39-5(2) (Supp.2010) and barred as a successive writ pursuant to Mississippi Code Annotated section 99-39-23(6) (Supp.2010). As such, this issue is procedurally barred from our review. Nevertheless, we find Easley’s claim is without merit.
¶ 15. To be sentenced as a habitual offender, “[a]ll that is required is that the accused be properly indicted as an [sic] habitual offender, that the prosecution prove the prior offenses by competent evidence, and that the defendant be given a reasonable opportunity to challenge the prosecution’s proof.” Keyes v. State, 549 So.2d 949, 951 (Miss.1989) (citations omitted). However, the requirement that the State prove the existence of the prior convictions beyond a reasonable doubt was negated by Easley’s decision to enter a guilty plea. “A guilty plea operates to waive the defendant’s ... right that the prosecution prove each element of the offense beyond a reasonable doubt.” Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989).
¶ 16. Easley was properly indicted as a habitual offender. In his signed plea petition, he admitted that the charges in the indictment were correct, and he admitted that he was convicted of “burglary in Arkansas, Tennessee, and Mississippi.” “Admissions to prior criminal convictions are sufficient to permit a finding of habitual status.” Sanders v. State, 786 So.2d 1078, 1082 (¶ 14) (Miss.Ct.App.2001) (citing Jones v. State, 747 So.2d 249, 252 (¶13) (Miss.1999)). Thus, having admitted his prior felonies as set forth in the indictment and having entered a valid guilty plea, Easley was properly sentenced as a habitual offender.

3. Illegal Sentence

¶ 17. In an attempt to overcome the procedural bars, Easley contends that, if he was properly sentenced as a habitual offender, the length of his sentence is illegal. Specifically, Easley contends that, because section 99-19-81 prohibits the suspension of any portion of a habitual offender’s sentence, and because part of his sentence was suspended, the habitual-offender portion of his sentence should be removed.
¶ 18. Mississippi Code Annotated section 99-19-81 states the following:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
(Emphasis added).
¶ 19. However, this Court has clearly held that “a defendant should not be allowed to reap the benefits of an illegal sentence, which is lighter than what the legal sentence would have been, and then turn around and attack the legality of the illegal, lighter sentence when it serves his interest to do so.” Watts v. State, 1 So.3d 886, 890 (¶ 10) (Miss.Ct.App.2008) (citations omitted). Thus, Easley cannot argue that his more lenient sentence is illegal in order to circumvent procedural bars to our review of his second motion.
*817 ¶20. The record clearly shows that Easley was aware he would be sentenced as a habitual offender. Accordingly, we find that the circuit court correctly denied Easley’s motions for post-conviction collateral relief.
¶ 21. THE JUDGMENTS OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING THE MOTIONS FOR POST-CONVICTION COLLATERAL RELIEF ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. Easley's motion requested "such other relief as the Court deems to be proper." However, no other specific issues were raised by Easley.