# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01550-COA

GERRY D. JACKSON A/K/A DONELL                  APPELLANT
JACKSON A/K/A GERRY DONELL JACKSON
A/K/A GERRY DONNELL JACKSON

v.

STATE OF MISSISSIPPI                                  APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/08/2014 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GERRY D. JACKSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     On September 19, 2013, Gerry D. Jackson pleaded guilty to one count of possession of cocaine.[1]  Jackson was sentenced as a habitual offender to eight years in the custody of the Mississippi Department of Corrections.  Jackson timely filed a motion for postconviction

---

[1] Jackson had been indicted for Count I, sale of a controlled substance in an amount more than one-tenth of a gram but less than two grams, and Count II, sale of a controlled substance in an amount less than one-tenth of a gram.  The day of trial, Jackson agreed to plead guilty to possession of cocaine as a lesser offense to Count I.  Count II was retired.

relief (PCR), which the trial court denied.

¶2.     Jackson now appeals, asserting the following issues: (1) illegal sentence; (2) defective indictment; and (3) ineffective assistance of counsel. Finding no error, we affirm.

## STANDARD OF REVIEW

¶3.     When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

### I.      Illegal Sentence

### II.     Defective Indictment

¶4.     Jackson's first two issues concern whether he was properly sentenced as a habitual offender. Jackson argues there was no evidence of his prior crimes. The indictment lists Jackson's two prior convictions – a 1992 conviction for sale of a controlled substance, and a 2005 conviction for uttering a forgery – and cites to Mississippi Code Annotated section 99-19-81 (Rev. 2015).

¶5.     We first note that Jackson failed to object to his habitual-offender status at sentencing; thus, this issue is procedurally barred. *See Grayer v. State*, 120 So. 3d 964, 968 (¶14) (Miss. 2013). Regardless of the bar, Jackson entered a plea of guilty, which operates to waive all nonjurisdictional rights or defects, including proving each element of the offense beyond a reasonable doubt. *Easley v. State*, 60 So. 3d 812, 816 (¶15) (Miss. Ct. App. 2011).

2

Furthermore, during his plea colloquy, Jackson admitted to having two prior convictions. He also signed two documents regarding his guilty plea that stated he would be sentenced as a habitual offender. We find Jackson was properly sentenced as a habitual offender. This issue is without merit.

### III. Ineffective Assistance of Counsel

¶6. In his final issue on appeal, Jackson contends his trial counsel was ineffective by allowing him to be sentenced as a habitual offender. In order to succeed on a claim of ineffective assistance of counsel, Jackson must prove that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009) (citation omitted). When a defendant pleads guilty, he "must show unprofessional errors of substantial gravity." *Cole v. State*, 918 So. 2d 890, 894 (¶10) (Miss. Ct. App. 2006). The defendant must show his counsel's conduct "proximately resulted in his guilty plea, and [that] but for counsel's errors, he would not have entered the plea." *Id*.

¶7. Other than bare assertions, Jackson has failed to prove his trial counsel was ineffective. Having found Jackson was properly sentenced as a habitual offender, we find this issue is without merit.

¶8. **THE JUDGMENT OF THE AMITE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.**

3

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**