# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00024-COA

**MARK ATKINSON**                                                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                  **APPELLEE**

DATE OF JUDGMENT:            11/17/2015
TRIAL JUDGE:                 HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:   LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      MARK ATKINSON (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BILLY L. GORE
NATURE OF THE CASE:          CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:     DISMISSED PETITION FOR
                             POSTCONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 04/11/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Mark Atkinson appeals the Lowndes County Circuit Court's dismissal of his petition for postconviction relief (PCR).  On appeal, Atkinson asserts the following issues:  (1) whether he was improperly sentenced as a habitual offender; (2) whether his indictment failed to give him sufficient notice; and (3) whether he received ineffective assistance of counsel.  Finding no error, we affirm the circuit court's dismissal of Atkinson's PCR petition.

## FACTS

¶2.     A Lowndes County grand jury indicted Atkinson for the following charges:  Count

I, possession of methamphetamine in an amount greater than 0.1 grams but less than 2 grams; Count II, possession of the controlled substance hydrocodone; and Count III, possession of methamphetamine precursors. *See* Miss. Code Ann. § 41-29-139 (Rev. 2013); Miss. Code Ann. § 41-29-313 (Rev. 2013). On May 15, 2013, the State filed a motion to amend Atkinson's indictment to reflect his status as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015).

¶3. At the start of Atkinson's plea hearing, also on May 15, 2013, the State introduced evidence of his two prior felony convictions. The State first offered into evidence a certified sentencing order from Lowndes County in cause number 94-444-CR1 to show that Atkinson had previously been convicted of the sale of less than one ounce of marijuana and sentenced to three years in the custody of the Mississippi Department of Corrections (MDOC). The State next offered into evidence a certified pen pack from the Marion County Circuit Court in Alabama in cause number 1998000070.7101 to show that Atkinson had previously been convicted of possession of a controlled substance and sentenced to ten years in the custody of the Alabama Department of Corrections. After Atkinson raised no objection to the State's motion, the circuit court granted the motion and amended the indictment to reflect Atkinson's habitual-offender status.

¶4. Pursuant to a plea-bargain agreement, Atkinson pled guilty to Count I, possession of methamphetamine, and the State moved to retire the remaining two counts charged in his indictment. After conducting a plea colloquy, the circuit court found that Atkinson entered his guilty plea to Count I knowingly, voluntarily, and intelligently. The circuit court

2

therefore accepted Atkinson's guilty plea to Count I and retired the two remaining counts. The circuit court entered its May 15, 2013 order sentencing Atkinson as a habitual offender to serve eight years in MDOC's custody, without the possibility of probation or parole, and to pay a fine of $50,000.

¶5. On July 28, 2015, Atkinson filed a PCR petition asserting that the circuit court erroneously sentenced him as a habitual offender. Aggrieved by the circuit court's dismissal of his PCR petition, Atkinson appeals.[1]

## STANDARD OF REVIEW

¶6. "When reviewing a circuit court's denial or dismissal of a PCR [petition], we will reverse the judgment of the circuit court only if its factual findings are 'clearly erroneous'; however, we review the circuit court's legal conclusions under a de novo standard of review." *Boyd v. State*, 65 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2011).

## DISCUSSION

### I. Whether Atkinson was improperly sentenced as a habitual offender.

¶7. Atkinson contends that one of the underlying convictions used to establish his habitual-offender status identified the defendant in that cause number as "Marty Atkins." Atkinson argues that "Marty Atkins" is an entirely different person who possesses "a different name, birth date, and [S]ocial [S]ecurity number[.]" As a result, Atkinson asserts that the circuit court improperly sentenced him as a habitual offender. He therefore asks this

---

[1] In an April 12, 2016 order, this Court recognized that Atkinson untimely filed his appeal from the dismissal of his PCR petition. We nevertheless granted him leave to proceed with his appeal after finding that his show-cause response was well taken.

Court to set aside his sentence as a habitual offender, credit him for time served, and order his immediate release from MDOC's custody.

¶8. "To be sentenced as a habitual offender, 'all that is required is that the accused be properly indicted as a[] habitual offender, that the prosecution prove the prior offenses by competent evidence, and that the defendant be given a reasonable opportunity to challenge the prosecution's proof.'" *Madden v. State*, 991 So. 2d 1231, 1236 (¶20) (Miss. Ct. App. 2008) (quoting *Keyes v. State*, 549 So. 2d 949, 951 (Miss. 1989)). "[T]he requirement that the State prove the existence of the prior convictions beyond a reasonable doubt [i]s negated by [the defendant's] decision to enter a guilty plea." *Easley v. State*, 60 So. 3d 812, 816 (¶15) (Miss. Ct. App. 2011). Mississippi caselaw provides that "[a] guilty plea operates to waive the defendant's right that the prosecution prove each element of the offense beyond a reasonable doubt." *Id.* (citation omitted).

¶9. The record before us reflects that the circuit court properly sentenced Atkinson as a habitual offender under section 99-19-81. The State introduced evidence during the plea hearing to establish that Atkinson had "been convicted twice previously of [a] felony or federal crime[, with the] charges separately brought and arising out of separate incidents at different times" and that for each of his prior felonies he had "been sentenced to separate terms of one (1) year or more in [a] state and/or federal penal institution[.]" Miss. Code Ann. § 99-19-81.

¶10. After the State presented its evidence of Atkinson's prior felony convictions, the circuit court asked whether Atkinson objected to the motion to amend his indictment. In

4

response, Atkinson's attorney raised no objection and stated that Atkinson had confirmed his previous convictions for the two felonies introduced into evidence. During the plea colloquy, the circuit court specifically questioned Atkinson about his two prior felony convictions. In response to the circuit court's questions, Atkinson admitted under oath in open court that he had previously been convicted of the following: (1) the sale of less than one ounce of marijuana in cause number 94-444-CR1 in Lowndes County, Mississippi; and (2) the possession of a controlled substance in cause number 1998000070.7101 in Marion County, Alabama.

¶11.    As this Court has previously held, "[a]dmissions to prior criminal convictions are sufficient to permit a finding of habitual status." *Sanders v. State*, 786 So. 2d 1078, 1082 (¶14) (Miss. Ct. App. 2001) (citation omitted). Furthermore, our caselaw establishes that "[s]olemn declarations in open court carry a strong presumption of verity." *Pierce v. State*, 115 So. 3d 869, 873 (¶12) (Miss. Ct. App. 2013) (citation omitted). Because Atkinson admitted his prior felony convictions as set forth in his amended indictment, we find no support for his assertion on appeal that the circuit court improperly sentenced him as a habitual offender. As a result, we find that this argument lacks merit.

### II.    Whether Atkinson's indictment failed to give him sufficient notice.

¶12.    Atkinson also asserts that his indictment failed to give him sufficient notice of the State's intention to charge him as a habitual offender. Rule 7.09 of the Uniform Rules of Circuit and County Court provides for the amendment of an indictment to charge a defendant as a habitual offender. The Mississippi Supreme Court has recognized that "Rule 7.09 does

5

not speak to the timing of the amendment." *Williams v. State*, 131 So. 3d 1174, 1177 (¶7) (Miss. 2014) (citation and internal quotation marks omitted). However, "the rule implicitly recognizes a right to fair notice by prohibiting amendments to indictments where the defendant is not 'afforded a fair opportunity to present a defense' or is 'unfairly surprised.'" *Id.* (quoting URCCC 7.09). As the *Williams* court explained:

> [A]dequate notice is achieved through formal pleadings[,] which include the specific amendment to be offered and which are filed sufficiently in advance of trial to ensure that a defendant will have a fair opportunity to present a defense and will not be unfairly surprised. Whether notice of a possible enhanced sentence was given sufficiently in advance of trial should be considered on a case-by-case basis.

*Id.* (internal citations and quotation marks omitted).

¶13. In *Forkner v. State*, 902 So. 2d 615, 624 (¶28) (Miss. Ct. App. 2004), this Court acknowledged the supreme court's prior holding "that it is permissible to amend the indictment on the date of trial and to charge the defendant as a habitual criminal . . . when defense counsel is aware of the State's intentions and the defendant is fully aware of the State's intentions during plea negotiations" (citation omitted). Upon review of the record in the present case, we find that these requirements were met.

¶14. The record in this case reflects that the State filed its motion to amend Atkinson's indictment on May 15, 2013. In his signed plea petition, also filed on May 15, 2013, Atkinson indicated that he understood the State planned to charge him as a habitual offender, what the maximum sentence would be if he pled guilty as a habitual offender, and that his attorney had sufficiently discussed with him the consequences of his guilty plea. The record further reflects that, at the start of Atkinson's plea hearing, the circuit court afforded

6

Atkinson an opportunity to respond to the State's motion to amend his indictment. However, after the State offered its evidence of Atkinson's prior felony convictions, Atkinson asserted no objections to the motion. Instead, Atkinson's attorney stated that her client had confirmed the existence of his prior convictions. As a result, the circuit court granted the State's motion and then proceeded with Atkinson's plea colloquy.

¶15. Based on the record before us, we find that Atkinson received sufficient notice of the State's intention to amend his indictment as well as a fair opportunity to present a defense to the amendment. As a result, we find no error in the circuit court's grant of the State's motion. Accordingly, Atkinson's assignment of error lacks merit.

### III.    Whether Atkinson received ineffective assistance of counsel.

¶16. Atkinson next argues that he received ineffective assistance of counsel because his attorney allowed him to be sentenced as a habitual offender. To prove ineffective assistance, Atkinson must demonstrate that his attorney's performance was deficient and that this deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). With regard to this issue, this Court has previously stated:

> In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. When a defendant pleads guilty, he must show unprofessional errors of substantial gravity. The defendant must show his counsel's conduct proximately resulted in his guilty plea, and that but for counsel's errors, he would not have entered the plea.

*Jackson v. State*, 195 So. 3d 204, 206-07 (¶6) (Miss. Ct. App. 2015) (citations and quotation marks omitted).

¶17. Our caselaw establishes that "a defendant must plead claims of ineffective assistance

of counsel with specificity, and the claim must be supported by affidavits other than his own." *McBride v. State*, 108 So. 3d 977, 980 (¶11) (Miss. Ct. App. 2012) (citation omitted). In the present case, however, Atkinson relies solely on the allegations made in his appellate brief to support his ineffective-assistance claim. In so doing, he fails to demonstrate either that his attorney's performance fell below an objective standard of reasonableness or that, but for his attorney's alleged errors, he would not have pled guilty. *See Avery v. State*, 179 So. 3d 1182, 1190 (¶16) (Miss. Ct. App. 2015). Furthermore, as previously discussed, we find that the circuit court properly sentenced Atkinson as a habitual offender. We therefore find no merit to Atkinson's claim that his attorney rendered ineffective assistance of counsel by allowing him to be sentenced as a habitual offender.

¶18. **THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE PETITION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**