# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-00550-COA

**JERRY GLENN WILLIS**                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/28/2020 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN SAMUEL GRANT IV |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BRITTNEY SHARAE EAKINS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/22/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Jerry Willis appeals from the Pearl River County Circuit Court's denial and dismissal of his motion for post-conviction collateral relief (PCR).  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In May 2018, Willis filed a petition to plead guilty to Count I, attempted murder; Count II, kidnapping; and Count III, taking possession of or taking away a motor vehicle, for his actions of pouring gasoline on his girlfriend, setting her on fire, and driving away in her vehicle.  Willis also pled guilty to being a violent habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2020).  After a hearing, the court accepted Willis'

plea. For his convictions on Counts I and II, the court sentenced Willis, as a violent habitual offender, to serve life without eligibility for parole in the custody of the Mississippi Department of Corrections (MDOC). For his conviction on Count III, the court sentenced Willis to serve five years in the custody of the MDOC without eligibility for parole, probation, or early release. The court ordered Willis' sentences to run concurrently.

¶3. In February 2020, Willis filed a PCR motion claiming that (1) his plea was involuntary, (2) he received an illegal sentence, (3) the prosecutor engaged in prosecutorial misconduct, and (4) he received ineffective assistance of counsel. The court entered an order dismissing Willis' ineffective-assistance-of-counsel claim and required the State to file a written answer to the remaining issues in Willis' PCR motion. After the State filed its answer, the court denied post-conviction relief.[1] Now Willis appeals.

## STANDARD OF REVIEW

¶4. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017) (quoting *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016)).

¶5. "A circuit court may summarily dismiss a PCR motion without an evidentiary hearing 'if it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to any relief.'" *Porter v. State*, 271 So.

---

[1] The court addressed Willis' ineffective-assistance claim in more detail in this order.

3d 731, 732 (¶3) (Miss. Ct. App. 2018) (quoting Miss. Code Ann. § 99-39-11(2) (Rev. 2015)). "[D]ismissal of a PCR motion is proper where it appears beyond a doubt that the movant can prove no set of facts in support of his claim which would entitle him to relief." *Manuel v. State*, 304 So. 3d 713, 716 (¶8) (Miss. Ct. App. 2020) (quoting *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000)).

## DISCUSSION

### I. Involuntary Plea

¶6. Willis claims that his plea was involuntary because he had not been advised that by pleading guilty as a violent habitual offender he would receive a sentence of life without eligibility for parole (LWOP). He asserts that his sentence should be vacated because he was misinformed or led to believe that the court had the discretion to sentence him to something other than LWOP. Alternatively, Willis asserts that he is entitled to an evidentiary hearing on this issue.

¶7. "A guilty plea is binding if entered voluntarily, knowingly, and intelligently." *Hayes v. State*, 301 So. 3d 45, 49 (¶16) (Miss. Ct. App. 2019) (quoting *Woods v. State*, 71 So. 3d 1241, 1244 (¶8) (Miss. Ct. App. 2011)). "For a guilty plea to be voluntary, knowing, and intelligent, the defendant must understand [his] rights, 'the nature of the charge against [him], and the consequences of [his] plea, including applicable minimum and maximum sentences.'" *Schmidt v. State*, 287 So. 3d 1035, 1037-38 (¶9) (Miss. Ct. App. 2019) (quoting *Worth v. State*, 223 So. 3d 844, 850 (¶19) (Miss. Ct. App. 2017)); *see also* MRCrP 15.3(d)(2) (When a defendant wishes to plead guilty to a felony, "it is the duty of the trial court to

3

address the defendant personally in open court to inquire and determine . . . [t]hat the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law[.]"). "When the circuit court fails to advise the defendant of the applicable maximum and minimum sentences, the defendant's guilty plea must be vacated unless the defendant received that information from some other source, such as his attorney." *Wrenn v. State*, 207 So. 3d 1252, 1257 (¶15) (Miss. Ct. App. 2017) (citations omitted). "The petitioner carries the burden of proving that his plea was not voluntar[ily], intelligently, and knowingly given." *Morris v. State*, 29 So. 3d 98, 102-03 (¶13) (Miss. Ct. App. 2010) (quoting *Owens v. State*, 996 So. 2d 85, 94 (¶31) (Miss. Ct. App. 2008)).

¶8. Willis argues that prior to pleading guilty as a violent habitual offender he should have been advised that the only possible sentence he could receive was LWOP. Indeed, this Court has held that where a defendant is found to be a violent habitual offender, the circuit judge has no discretion in sentencing, and the violent-habitual-offender statute mandates that the judge sentence the defendant to life imprisonment for each conviction. *Esco v. State*, 9 So. 3d 1156, 1170 (¶56) (Miss. Ct. App. 2008).

¶9. However, a review of the record shows that Willis' plea was voluntarily given, as he was fully advised of the nature and consequences of the plea and the applicable sentence. Although the judge did not inform Willis that he would receive an LWOP sentence until after he entered his plea, the record demonstrates that Willis was aware of the applicable sentence before he pled guilty. Willis received this information from his plea petition and his attorney.

¶10. In his plea petition, Willis acknowledged that if he pled guilty, "the only possible

4

sentence is **LIFE WITHOUT THE POSSIBILITY OF PAROLE**." Willis informed the court that he read the plea petition, discussed it with his attorney, and swore under oath to the truth of its contents. Additionally, Willis' attorney filed a Certificate of Counsel, which stated that he had "explained the maximum and minimum penalties for each count to the defendant." Therefore, the judge's failure to remind Willis of the applicable sentence prior to accepting his plea was harmless because he was informed by another source. *See Wrenn*, 207 So. 3d at 1257 (¶15). Finally, Willis acknowledged that he would spend the rest of his life in prison as a result of his offense. Willis submitted a written letter to the court that was addressed to the victim and others. The letter asked for forgiveness and concluded by stating, "These tears are not because *I'm going to spend the rest of my life in prison*, but because I'm truly sorry for the barbaric actions I committed. Justice will be served. Sincerely, Jerry Willis." (Emphasis added). Any potential confusion stemming from the judge's statements during the hearing would have been corrected by Willis' plea petition, in which Willis acknowledged that the only possible sentence would be LWOP pursuant to section 99-19-83.

¶11. Willis has not met his burden in proving that his guilty plea was involuntary, and the court did not err by dismissing Willis' PCR motion without conducting an evidentiary hearing on this claim. *Porter*, 271 So. 3d at 732 (¶3). For these reasons, this issue is without merit.

## II. Habitual-Offender Status

¶12. Although Willis claims that his sentence was illegal, he essentially argues that there was insufficient proof to support his status as a violent habitual offender. Willis asks this

5

Court to vacate his sentence or, in the alternative, remand for an evidentiary hearing.

¶13.    The violent-habitual-offender statute, Mississippi Code Annotated section 99-19-83, provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more, whether served concurrently or not, in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence, as defined by Section 97-3-2, shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole, probation or any other form of early release from actual physical custody within the Department of Corrections.

Miss. Code Ann. § 99-19-83.  "To be sentenced as a habitual offender, 'all that is required is that the accused be properly indicted as a habitual offender, that the prosecution prove the prior offenses by competent evidence, and that the defendant be given a reasonable opportunity to challenge the prosecution's proof.'" *Atkinson v. State*, 215 So. 3d 1002, 1005 (¶8) (Miss. Ct. App. 2017) (quoting *Madden v. State*, 991 So. 2d 1231, 1236 (¶20) (Miss. Ct. App. 2008)).  "The requirement that the State prove the existence of the prior convictions beyond a reasonable doubt is negated by the defendant's decision to enter a guilty plea." *Id*. (quoting *Easley v. State*, 60 So. 3d 812, 816 (¶15) (Miss. Ct. App. 2011)).

¶14.    Willis asserts that the State did not prove that he actually served separate terms of one year or more or that one of his felonies was a crime of violence.  In his signed plea petition, Willis stated that he wished to plead guilty to the charge of:

> (D)    HABITUAL OFFENDER STATUS.  More specifically, Jerry Glenn Willis is a habitual offender under the provision of Section 99-19-83 of

6

the Mississippi Code of 1972, as amended, in that he was convicted of Theft in the 24th Judicial District Court, Jefferson Parish, Louisiana, on July 18, 1997, and sentenced to serve a term of 15 years in the custody of the Louisiana Department of Corrections. That for a second offense he was convicted of Grand Theft Auto; Battery on a Law Enforcement Officer; Aggravated Fleeing/Attempt to Elude; Failure to Appear; Aggravated Assault with Intent to Commit a Felony in Cause No. 96-4573-CFA4P-01, in the 1st Judicial District Circuit Court, Escambia County, Florida, on November 23, 1998, and sentenced to serve a term of 14.4 months in the Florida Department of Corrections[.] [A]nd that for a third offense he was convicted of Possession of Controlled Substance and Introduction of Contraband into a County Facility in Cause No. 08002907CFMA in the 14th Judicial Circuit Court, Bay County, Florida, on October 22, 2008, and sentenced to serve a term of 27.45 months in the Florida Department of Corrections; and that these convictions were for separate offenses brought at different times, that the defendant was sentenced to and served separate terms of one (1) year or more on each conviction, and that the convictions each constitute convictions of a violent crime; against the peace and dignity of the State of Mississippi.

Willis also stated in his petition that he had been convicted of one or more felonies in the past

as follows:

(a) Theft in the 24th Judicial District Court, Jefferson Parish, Louisiana, on July 18, 1997,

(b) Grand Theft Auto; Battery on a Law Enforcement Officer; Aggravated Fleeing/Attempt to Elude; Failure to Appear; Aggravated Assault With Intent to Commit a Felony in Cause No. 96-4573-CFA4P-01, in the 1st Judicial District Circuit Court, Escambia County, Florida, on November 23, 1998,

(c) Possession of Controlled Substance and Introduction of Contraband into a County Facility in Cause No. 08002907CFMA in the 14th Judicial Circuit Court, Bay County, Florida, on October 22, 2008.

¶15. Additionally, after the State presented its evidence of Willis' prior felony convictions,

the court asked, "Mr. Willis, first let me ask you. You've heard the prior convictions. Do

you acknowledge that those are legitimate prior convictions and the information given is

correct?" In response, Willis admitted that "[i]t's all true."

¶16. This Court has held that "[w]hen a defendant admits to prior criminal convictions as part of a guilty plea, those admissions are 'sufficient to permit a finding of habitual status.'" *Ramsey v. State*, 290 So. 3d 1281, 1285 (¶11) (Miss. Ct. App. 2020) (citing *Atkinson v. State*, 215 So. 3d 1002, 1005 (¶11) (Miss. Ct. App. 2017)). Furthermore, "solemn declarations in open court carry a strong presumption of verity." *Atkinson*, 215 So. 3d at 1005 (¶11) (quoting *Pierce v. State*, 115 So. 3d 869, 873 (¶12) (Miss. Ct. App. 2013)).

¶17. Because Willis admitted to his prior criminal convictions, we find that he was properly classified as a violent habitual offender, and he is not entitled to an evidentiary hearing on this issue. *Porter*, 271 So. 3d at 732 (¶3). This issue is without merit.

### III. Prosecutorial Misconduct

¶18. Willis claims that the prosecutor engaged in prosecutorial misconduct when he made misrepresentations regarding his prior convictions and that this resulted in his being sentenced as a violent habitual offender to LWOP. He also claims that the prosecutor engaged in prosecutorial misconduct when he misinformed the court about the potential sentence for kidnapping. Willis asserts that he is entitled to an evidentiary hearing on this issue.

¶19. In response, the State admits that some of the prosecutor's comments were incorrect but asserts that this issue is procedurally barred. Our supreme court has held that the failure to make a contemporaneous objection to a prosecutor's remarks at trial bars consideration of prosecutorial misconduct allegations on appeal. *Simmons v. State*, 805 So. 2d 452, 489

8

(¶98) (Miss. 2001) (citing *Davis v. State*, 660 So. 2d 1228, 1255 (Miss. 1995)). Notwithstanding any procedural bar, as discussed in issue II, Willis admitted to his prior criminal convictions and therefore was properly classified as a violent habitual offender. Furthermore, Willis was not prejudiced by the prosecutor's misstatements about the potential sentence for kidnapping because he qualified for sentencing as a violent habitual offender and understood that he would be sentenced as a violent habitual offender to LWOP.

¶20.    Because Willis failed to demonstrate that he was prejudiced by the prosecutor's conduct, his claim of prosecutorial misconduct fails, and he is not entitled to an evidentiary hearing on this issue. *Porter*, 271 So. 3d at 732 (¶3). This issue is without merit.

### IV.    Ineffective Assistance of Counsel

¶21.    Finally, Willis claims that he received ineffective assistance of counsel because his attorney (1) did not properly advise him of the consequences of pleading guilty, and (2) did not correct misinformation regarding his sentence.

¶22.    To prove ineffective assistance of counsel, Willis must show that (1) "his defense counsel's performance was deficient," and (2) "the deficient performance prejudiced his defense." *Hutto v. State*, 286 So. 3d 653, 666 (¶55) (Miss. 2019) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. State*, 60 So. 3d 824, 827 (¶5) (Miss. Ct. App. 2011) (quoting *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009)). Willis bears the burden of proof. *Webster v. State*, 152 So. 3d 1200, 1203 (¶7) (Miss. Ct. App. 2014).

9

He was required to plead claims of ineffective assistance with specificity, and the claims must be supported by affidavits other than his own. *Id*. at (¶8).

¶23. First, Willis argues that his attorney did not properly advise him of the consequences of pleading guilty. Specifically, he argues that his attorney was deficient because he did not inform him that the only possible outcome of his plea would be LWOP. However, defense counsel certified that Willis was advised of the minimum and maximum penalties and the effect of his plea. Second, Willis argues that his counsel was ineffective because he did not correct misstatements by the prosecutor regarding his sentences for his prior convictions. As discussed, any misstatement regarding the length of his sentence for his prior conviction by the prosecutor was harmless. Accordingly, Willis suffered no prejudice as a result of the misstatement or his attorney's failure to correct it.

¶24. Willis merely asserts that he received ineffective assistance of counsel. He did not produce any proof, by affidavit or otherwise, to support his claim. For these reasons, the court did not err in dismissing his motion without an evidentiary hearing. *Porter*, 271 So. 3d at 732 (¶3). Therefore, this issue is without merit.

## CONCLUSION

¶25. Because the court's denial and dismissal of Willis' PCR motion was proper, we affirm the circuit court's judgment.

¶26. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., LAWRENCE AND EMFINGER, JJ., CONCUR. WESTBROOKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY McDONALD AND McCARTY, JJ. SMITH, J., NOT PARTICIPATING.**

**WESTBROOKS, J., DISSENTING:**

¶27. Willis pled guilty and was sentenced to life in prison without eligibility for parole for attempted murder under the habitual offender statute, Mississippi Code Annotated section 99-19-83; life without eligibility for parole for kidnapping under the habitual offender statute; and five years for taking away a motor vehicle, with all sentences ordered to run concurrently. In this instance, there was no maximum or minimum sentencing range. Instead, there was a statutory mandate of life in prison with no eligibility for parole for conviction of either attempted murder or kidnapping, and the judge had no discretion to stray from this mandate. Based on the record before the Court, I do not believe Willis's guilty plea was knowing and voluntary.

¶28. The plea petition is contradictory where it states:

> 7.  I know that if I plead "GUILTY" to these charges, the <u>only</u> possible sentence is **LIFE WITHOUT THE POSSIBILITY OF PAROLE.**
>
> (A)   <u> X </u>  I also know that the sentence is up to the Court; that the Court is not required to carry out any understanding made by me and my attorney with the District Attorney, and further, that the Court is not required to follow the recommendation of the District Attorney, if any. . . . I have agreed to accept [the sentence], as follows:
>
> **<u>Life without the possibility of parole as to each offense under the habitual offender statute Section 99-19-83 of the Mississippi Code of 1972, as amended as to each of the three counts of the indictment, sentences to run concurrently</u>**.

Based on the plea petition, is the only possible sentence "life without the possibility of parole," or is "the sentence up to the Court"? It is of utmost importance to ensure that a

11

defendant is afforded all applicable constitutional rights when pleading guilty (i.e., his plea is made knowingly, intelligently, and voluntarily). The United States Supreme Court has admonished that Federal Rule of Criminal Procedure 11's "procedural safeguards serve[] important constitutional interests in guarding against inadvertent and ignorant waivers of constitutional rights." *United States v. Vonn*, 535 U.S. 55, 67 (2002). The preamble to the Mississippi Rules of Professional Conduct states that a lawyer is responsible for "provid[ing] a client with an informed understanding of the client's legal rights and obligations and explain[ing] their practical implications." Mississippi Rule of Criminal Procedure 15.3(d)(2) also places a duty on "the trial court to address the defendant personally in open court to inquire and determine . . . [t]hat the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law." Instead of utilizing the plea hearing as a means to clarify the contradiction contained in Willis's plea petition, the trial court compounded the problem. *See United States v. Brown*, 892 F.3d 385, 395 (D.C. Cir. 2018) (Plea colloquies "aim to dispel any misconceptions that the defendant may have about his likely sentence and to correct or clarify any erroneous information given by the defendant's attorney." (citation and internal quotation marks omitted)).

¶29. Willis submitted his plea petition containing the contradictory statements mentioned above before he appeared in front of the judge, who stated, "Do you acknowledge that the Judge makes the decision regarding your sentence?" The judge also allowed Willis to give "a statement to the Court that would help [it] make a decision ultimately of [Willis's] sentence." These statements by the judge at the hearing clearly insinuated that he had

12

discretion as to sentencing and could potentially give Willis a lesser sentence. Willis was never told that his guilty plea would result in an automatic day-for-day life sentence based on his pleading guilty as a habitual offender. Willis was asked if he understood that he was being charged as a habitual offender, but no explanation was given as to the meaning of being charged as a habitual offender.

¶30. The judge and the State also erroneously stated at the plea hearing that "[a] life sentence would be imposed on kidnapping," when only a jury can impose a life sentence for kidnapping. Miss. Code Ann. § 97-3-53 (Rev. 2011). The following dialogue between the judge and the prosecutor regarding sentencing occurred at the plea hearing:

THE COURT: What about kidnapping?

MR. CRANFORD: A life sentence would be imposed on kidnapping, Your Honor, and -

THE COURT: Even without the enhancement?

MR. CRANFORD: I believe so, yes.

Under the kidnapping statute, the judge could impose a sentence from one to thirty years—not life. *Id.* Willis could not make an informed, voluntary decision about pleading guilty to kidnapping when he was clearly misinformed regarding the potential sentence for kidnapping as he was not advised of the minimum or maximum sentence.

¶31. "A plea is voluntary if the defendant knows what the elements are of the charge against him including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of the plea." *Wilson v. State*, 577 So. 2d 394, 396-97 (Miss. 1991). Based on the language of the plea petition and the

transcript of the plea hearing, I do not believe Willis understood what the maximum possible sentence (i.e., the only possible sentence) could be, nor did he understand the effect of pleading as a habitual offender. Willis is not highly educated, having only completed the eighth grade before obtaining his GED, but had he been told that his habitual status legally mandated the worst possible sentence and that no worse outcome could have resulted at trial, it is highly unlikely that he would have submitted a plea petition in the first place, much less requested that the judge grant it after hearing the misleading statements made at the hearing. Instead, Willis took the deal only because the consequences were not explained to him. Willis did not enter his plea voluntarily or intelligently.

¶32. For the foregoing reasons, I respectfully dissent from the majority and believe this case should be remanded for an evidentiary hearing.

**McDONALD AND McCARTY, JJ., JOIN THIS OPINION.**