# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00916-COA

ELI ORR                                                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/23/2016 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELI ORR (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 10/17/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**FAIR, J., FOR THE COURT:**

¶1.     Eli Orr was indicted in 2009 on one count of the sale or transfer of cocaine and one count of possession of less than .1 gram of a controlled substance.  In 2013, the State moved to amend the indictment to charge Orr as a second or subsequent offender.

¶2.     In the middle of trial, Orr decided to plead guilty to Count I – the sale or transfer of cocaine.  As part of his guilty plea, the State agreed to retire Count II to the files.  The court held a hearing on Orr's petition to plead guilty, and Orr was sentenced to serve thirty-five years in the custody of the Mississippi Department of Corrections (MDOC), with thirty years to serve and five years' post-release supervision.

¶3.     In April 2013, Orr was indicted for possession of a controlled substance while in jail.

He filed a petition to plead guilty and was sentenced to serve three years in the custody of the MDOC, consecutive to his previous sentence.

¶4. In January 2016, Orr filed a post-conviction relief (PCR) petition for his conviction on his first sentence – the sale or transfer of cocaine. The circuit court denied Orr's petition after an evidentiary hearing. Orr appealed.

## DISCUSSION

¶5. We review a circuit judge's denial of a PCR petition for clear error and will not disturb his factual findings absent such error. *Wrenn v. State*, 207 So. 3d 1252, 1256 (¶13) (Miss. Ct. App. 2017) (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)). However, we review conclusions on questions of law de novo. *Id*.

### 1. Voluntariness of Plea

¶6. Orr argues that his guilty plea was involuntary because he was threatened with a lengthier prison sentence if the case continued at trial. He further claims that he was intoxicated at the time of his plea and that the trial court made him believe he had to plead guilty. Lastly, Orr argues that, as part of his guilty plea, he was required to recite the factual basis surrounding his plea, which he did not. We address each contention below.

¶7. A guilty plea is valid and legal only if it is entered voluntarily and intelligently. *Myers v. State*, 583 So. 2d 174, 176-77 (Miss. 1991) (citation omitted). In *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992) (citing *Wilson v. State*, 577 So. 2d 394, 396-97 (Miss. 1991)), the Mississippi Supreme Court held that a "plea is deemed 'voluntary and

2

intelligent' only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." After a review of the record, we do not find any evidence that Orr's guilty plea was illegal, involuntary, or coerced.

¶8. At Orr's plea hearing, the trial judge asked him if he had been coerced into a guilty plea. He replied, "Naw, they ain't said it like that. They just tell me . . . I'm scared, Judge . . . . [The things they said] made me want to sign the guilty plea because I don't want to go to prison the rest of my life." The judge informed him that the only way he could be sentenced was if he pled not guilty and was convicted by a jury. Further, Orr was well aware of the maximum and minimum penalties he faced for each count. The trial judge spelled these out to Orr, on the record, before accepting the guilty plea. The information was also handwritten on Orr's petition to enter a guilty plea, and Orr himself acknowledged under oath that he knew the penalties.

¶9. Regarding Orr's claim that he was intoxicated, he certified in his petition to plead guilty that he was not under the influence of any drugs or intoxicants. His attorney testified to the same effect. However, Orr's test results from the presentencing hearing showed he tested positive for cocaine and marijuana. The court knew the test results during Orr's sentencing, but determined that there was no evidence that his plea was not voluntarily, knowingly, and intelligently entered. He observed that Orr showed no signs of intoxication during his plea. After review, we find no abuse of discretion in the judge's determination.

¶10. Finally, Mississippi has no requirement that the defendant personally provide the

factual basis for his guilty plea. In fact, our supreme court has held a factual basis may be established a variety of ways, including a prosecutor's testimony, a live witness, and prior factual proceedings. *See Corley v. State*, 585 So. 2d 765, 767 (Miss. 1991). Here, the prosecutor gave a detailed account of the charges in Orr's indictment.

¶11. Orr's claim is without merit.

### 2. Statute of Limitations

¶12. Orr next argues that the statute of limitations had run on his charge under Mississippi Code Annotated section 41-29-139 (Rev. 2013) – the sale or transfer of cocaine. According to Mississippi Code Annotated section 99-1-5 (Rev. 2015), the State had two years from the commission of the offense to indict Orr. The sale of cocaine occurred on or about May 7, 2008. Orr was indicted on July 23, 2009, well within the two-year time frame.

¶13. Orr's claim has no merit.

### 3. Speedy Trial

¶14. "Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." Miss. Code Ann. § 99-17-1 (Rev. 2015). Review of a speedy trial claim encompasses the fact question of whether the trial delay rose from good cause.

¶15. "Under this [c]ourt's standard of review, this [c]ourt will uphold a decision based on substantial, credible evidence. If no probative evidence supports the trial court's finding of

good cause, this [c]ourt will ordinarily reverse. The [S]tate bears the burden of proving good cause for a speedy trial delay, and thus bears the risk of non-persuasion." *DeLoach v. State*, 722 So. 2d 512, 516 (¶12) (Miss. 1998) (internal citations omitted).

¶16.    In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court provided a four-factor balancing test to be used when determining whether a defendant's right to a speedy trial has been violated.  The factors are as follows: (1) "[l]ength of delay," (2) "the reason for the delay," (3) "the defendant's assertion of his right," and (4) "prejudice to the defendant."   The court must consider the totality of the circumstances on a case-by-case basis.  *Boone v. State*, 964 So. 2d 512, 519 (¶3) (Miss. Ct. App. 2006).  "Any delay of over eight months is presumptively prejudicial and triggers balancing of the other three factors."  *Robinson v. State*, 920 So. 2d 1009, 1013 (¶13) (Miss. Ct. App. 2003).

### 1.    Length of Delay

¶17.    Orr's right to a speedy trial attached on April 22, 2009, after he was arrested.  His trial did not begin until February 26, 2013 – over four years later.  Thus, prejudice is presumed and we must look to the other factors.

### 2.    Reason for the Delay

¶18.    "Once there is a finding that the delay is presumptively prejudicial, the burden shifts to the prosecution to produce evidence justifying the delay and to persuade the trier of fact of the legitimacy of these reasons."  *DeLoach*, 722 So. 2d at 517 (¶17).  Orr was indicted on July 23, 2009.  The record shows that there were eleven agreed continuances, one master

5

continuance, and one continuance granted because the prosecutor was in trial in another case and there were no other available dates in the term. The judge assigned fault to both Orr and the State for the delay.

### 3. *Assertion of Right to a Speedy Trial*

¶19. The third factor concerns Orr's assertion of his right to a speedy trial. Orr did not file a motion for a speedy trial at any point while awaiting his trial. Instead, he waited to raise the issue for the first time in his PCR motion.

### 4. *Prejudice to the Defendant*

¶20. The fourth factor considers prejudice suffered by the defendant. "Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. [The United States Supreme Court] has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. Orr failed to provide any evidence showing he was prejudiced by the delay.

¶21. After review, we find no abuse of discretion in the judge's findings under the *Barker* factors.

## 4. Ineffective Assistance of Counsel

¶22. Orr's next contention is that he received ineffective assistance of counsel. This Court applies the two-prong test found in *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984), to claims of ineffective assistance of counsel. The first prong requires the appellant to show

that counsel's performance was deficient. *Id*. The second prong requires proof that counsel's deficient performance prejudiced the appellant. *Id*. There is a strong, but rebuttable, presumption that counsel's performance and actions fall "within the wide range of reasonable professional assistance." *Williams v. State*, 89 So. 3d 676, 680-81 (¶10) (Miss. Ct. App. 2012) (quoting *Parker v. State*, 30 So. 3d 1222, 1233 (¶37) (Miss. 2010)). Thus, counsel's actions will only be deemed deficient if it is shown that the outcome would have been different otherwise. *Id*. Additionally, in PCR cases, "where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Brooks v. State*, 89 So. 3d 626, 628 (¶6) (Miss. Ct. App. 2011) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)).

¶23. Orr has failed to provide any affidavits to support his contention that his attorney was ineffective. Additionally, Orr reaffirmed at his guilty-plea hearing and in his guilty-plea petition that he was satisfied with his attorney's performance. Without additional evidence, we cannot find that Orr's attorney's performance was ineffective.

¶24. This issue is without merit.

¶25. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. TINDELL, J., NOT PARTICIPATING.**

7