## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01457-COA

**WENDELL DUNCAN A/K/A WENDELL AVERY DUNCAN**                              APPELLANT

**v.**

**STATE OF MISSISSIPPI**                              APPELLEE

DATE OF JUDGMENT:                06/14/2019
TRIAL JUDGE:                     HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:       WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          WENDELL DUNCAN (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: ABBIE EASON KOONCE
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 10/13/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     A defendant plead guilty to one count of simple assault on a law enforcement officer and was sentenced to serve five years in the custody of the Mississippi Department of Corrections. He then sought post-conviction relief (PCR), and the trial court dismissed the petition. On appeal, the defendant argues that he received an illegal sentence, partly because his guilty plea was not entered voluntarily and intelligently, and he was denied effective assistance of counsel.

### FACTS

¶2.     In 1995, Wendell Duncan was indicted for one count of simple assault on a law

enforcement officer and one count of aggravated assault on a law enforcement officer after he kicked and hit a law enforcement officer with a broom handle. Duncan plead guilty to the simple assault charge, and the aggravated assault charge was dismissed. Duncan was sentenced as a habitual offender to serve five years in the custody of the Mississippi Department of Corrections.[1] Following his conviction, Duncan filed a "Motion to Vacate or Correct Sentence," which the trial court treated as a motion for post-conviction relief. The court found that the motion was time barred and dismissed the motion with prejudice.

**STANDARD OF REVIEW**

¶3. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Higginbotham v. State*, No. 2019-CP-00762-COA, 2020 WL 1271602, at *2 (¶8) (Miss. Ct. App. Mar. 17, 2020).

**DISCUSSION**

¶4. On appeal, Duncan argues that he received an illegal sentence, partly because his guilty plea was not entered voluntarily and intelligently, and that he received ineffective assistance of counsel.

> **I.** **Errors affecting fundamental constitutional rights are excepted from procedural bars.**

¶5. A petition for post-conviction relief should be filed "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Excluded from

---

[1] Duncan had previously been convicted of the following felony crimes: shooting into an occupied dwelling, aggravated assault, conspiracy to commit burglary, and burglary of a business.

2

the three-year time bar are errors affecting a "fundamental constitutional right." *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). "[N]o discretion is afforded when deciding whether to except a claim involving a fundamental constitutional right from procedural bars." *Id*. at (¶11). "However, mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Funchess v. State*, 283 So. 3d 214, 216 (¶5) (Miss. Ct. App. 2019).

¶6.     Duncan plead guilty in 1995 and filed his petition for post-conviction relief nearly twenty-five years later; so his petition is presumptively time barred. However, Duncan's claims allege errors affecting his fundamental constitutional rights. Duncan alleges that his sentence is illegal and that he did not receive effective assistance of counsel. Because Duncan's claims fall under the fundamental-constitutional-rights exception, we will address these issues on their merits to determine if they overcome the procedural bar. *Ivy v. State*, 731 So. 2d 601, 602 (¶4) (Miss. 1999) ("[P]etitions alleging an illegal sentence are not subject to the time bar"); *Hayes v. State*, No. 2018-CP-00152-COA, 2019 WL 5884526, at *3 (¶13) (Miss. Ct. App. Nov. 12, 2019) ("Under 'extraordinary circumstances,' ineffective assistance of counsel can also constitute an exception to the statutory time bar").

## II.     Duncan did not receive an illegal sentence.

¶7.     Duncan alleges that he received an illegal sentence in violation of "the federal and state constitution and equal protection clauses[.]" In exchange for pleading guilty to simple assault of a law enforcement officer, Duncan was sentenced to serve five years in the custody of the Mississippi Department of Corrections. He now argues that his sentence violates the

State and Federal Constitutions because it exceeds the statutorily proscribed punishment and because he was not informed of the possible minimum sentence he was eligible for.

¶8.     It is true that a conviction of simple assault is punishable by "a fine not more than Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both." Miss. Code Ann. § 97-3-7(1) (Supp. 1993).  However, the statute goes on to provide that a person convicted of simple assault on a law enforcement officer may be punished "by a fine of not more than One Thousand Dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both." *Id.*  Because Duncan plead guilty to simple assault on a law enforcement officer, he was eligible for a sentence of up to five years.

¶9.     Further, Duncan knowingly plead guilty to the offense *as a habitual offender*.  "Every person convicted [as a habitual offender] . . . shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." Miss. Code Ann. § 99-19-81 (Supp. 1977).  "Sentencing under section 99-19-81 is not discretionary." *Wrenn v. State*, 207 So. 3d 1252, 1257 (¶16) (Miss. Ct. App. 2017).  "The trial judge has no alternative but to sentence the defendant under said statute." *Id*.  In other words, because Duncan plead guilty to simple assault on an officer as a habitual offender, the only sentence available to him was incarceration for five years.

¶10.    Duncan also argues that he received an illegal sentence because the trial court had not informed him of the possible minimum sentence he was eligible for.  Before accepting a defendant's guilty plea, "it is the duty of the trial court to address the defendant personally

4

and to inquire and determine . . . [t]hat the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law[.]" URCCC 8.04.[2] "When the circuit court fails to advise the defendant of the applicable maximum and minimum sentences, the defendant's guilty plea must be vacated[.]" *Wrenn*, 207 So. 3d at 1257 (¶15). "On the other hand, the [C]ourt has also stated on a number of occasions that the failure of the trial court to advise the defendant of any mandatory minimum penalty or other constitutional rights [that] are waived by a guilty plea . . . will not render a guilty plea to be involuntary if such information has been supplied to the defendant from another source, such as his attorney." *Courtney v. State*, 704 So. 2d 1352, 1359 (¶29) (Miss. Ct. App. 1997).

¶11.    Duncan relies on a case where our Supreme Court reversed a conviction where the defendant was not informed of the maximum and minimum sentences he might receive. *Vittitoe v. State*, 556 So. 2d 1062, 1065 (Miss. 1990). Vittitoe, a first-time offender, plead guilty to armed robbery and was sentenced to a term of twenty-five years' imprisonment. *Id.* at 1063. At his post-conviction hearing, Vittitoe testified that he had been unaware that armed robbery had a mandatory minimum three-year sentence. *Id.* He further stated that had he known of this fact, he would not have plead guilty. *Id.* The Court held that "[b]ecause Vittitoe was ignorant of the mandatory minimum sentence for the charge to which he was

---

[2] At the time of Duncan's plea hearing on September 29, 1995, Rule 8.04 of the Uniform Rules of Circuit and County Court Practice governed the procedure that a trial court was required to follow prior to accepting a guilty plea. Effective July 1, 2017, the Mississippi Rules of Criminal Procedure replaced the Uniform Rules of Circuit and County Court Practice with regard to criminal procedure. Mississippi Rule of Criminal Procedure 15.3(d) is largely derived from former Rule 8.04 of the Uniform Rules of Circuit and County Court Practice and illustrates the information a trial court must provide to a defendant during a plea hearing.

pleading and stated that he would not have pled had he known this information, it cannot be said that his plea was 'voluntarily and intelligently made.'" *Id*. at 1065. Vittitoe's plea was set aside, and the case was remanded for further proceedings. *Id*.

¶12. The present case is distinguishable from *Vittitoe*. As set out above, Duncan plead guilty to simple assault on a law enforcement officer as a habitual offender. As a habitual offender, the only possible sentence the trial court could impose was the maximum provided by the simple assault statute. *Wrenn*, 207 So. 3d at 1257 (¶16) ("Sentencing under section 99-19-81 is not discretionary"). Under the statute, a person convicted of simple assault on a law enforcement officer "shall be punished by a fine of not more than One Thousand Dollars ($1,000) or by imprisonment for not more than five (5) years, or both." Miss. Code Ann. § 97-3-7(1). Simply stated, five years was the maximum *and* the minimum sentence Duncan was eligible for—so there was no violation of the requirement to inform Duncan of the minimum and maximum sentences.

¶13. Additionally, Duncan was aware that he was pleading guilty as a habitual offender. He had previously been found to be a habitual offender, and the State expressed its intent to proceed with the habitual-offender enhancement. At the plea hearing, Duncan stated, "Just go on and give me the 5 years . . . . Your Honor, I know up under the habitual statute that carry 5 years up under simple assault[.]" It is clear from the record that Duncan was aware of the sentence he was facing when he entered his guilty plea.

¶14. Duncan's sentence did not exceed the statutorily proscribed punishment, and Duncan was informed of the only sentence eligible to him—five years. For these reasons, Duncan

did not receive an illegal sentence. This claim is without merit.

### III. Duncan did not receive ineffective assistance of counsel.

¶15. Duncan's final argument is that he was denied effective assistance of counsel because he was not informed of the possible minimum and maximum sentences he was facing. Because Duncan was aware of the only possible sentence, a mandatory maximum of five years, his lawyer's assistance was not ineffective.

¶16. Finding all of Duncan's claims to be without merit, the circuit court's dismissal of his PCR motion is **AFFIRMED**.

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND LAWRENCE, JJ., CONCUR.**