# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01091-COA

**RENARDO TOWNSEND A/K/A RENARDO EUGENE TOWNSEND**                **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/01/2021 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RENARDO TOWNSEND (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CASEY BONNER FARMER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/09/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., McCARTY AND SMITH, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. An inmate appeals the trial court's denial of his motion for post-conviction relief. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2. In 2018, Renardo Townsend was indicted as a non-violent habitual offender. His indictment contained two counts. Count I was for one count of selling less than two grams of cocaine within 1,500 feet of a church. Count II was for one count of conspiracy to sell less than 2 grams of cocaine.

¶3. Townsend entered a guilty plea to both counts. In exchange for his plea, the State

recommended the trial court drop Count II of the indictment.

¶4. Townsend was sworn in to testify, and during his plea colloquy, the following interaction occurred between him and the trial court:

Q: Did you read and sign your petition to enter a guilty plea?
A: Yes.
Q: Is everything in it true and correct?
A: Yes.
Q: Have you had an opportunity to fully discuss with your attorney . . . all facts and circumstances relating to the crime you're pleading guilty to?
A: Yes.
. . . .
Q: After your discussions with your attorney, are you the one that decided to plea guilty?
A: Yes, sir.
Q: Are you telling the Court that you're freely and voluntarily admitting your guilt to the crime you're pleading guilty to?
A: Yes, sir.
. . . .
Q: Are you satisfied with your attorney's representation of you?
A: Yes, sir.
Q: Do you have any complaints you wish to make about him?
A: No, sir.

¶5. The trial court agreed to a nolle prosequi of the conspiracy charge. For his guilty plea to the sale of cocaine and the resulting conviction, Townsend was sentenced to serve eight years in the custody of the Mississippi Department of Corrections as a non-violent habitual offender.

¶6. About two years later, Townsend timely filed a motion for post-conviction relief. He argued he was denied effective assistance of counsel, claiming his trial counsel was so deficient "as to deny him his Sixth Amendment right to effective assistance of counsel." Townsend provided only his affidavit to support his allegations. The trial court denied

Townsend relief, and he timely appealed.

## STANDARD OF REVIEW

¶7. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Bass v. State*, 237 So. 3d 172, 173 (¶4) (Miss. Ct. App. 2017). "This Court reviews the dismissal of a PCR petition for abuse of discretion." *Harris v. State*, 303 So. 3d 1, 4 (¶9) (Miss. Ct. App. 2020).

## DISCUSSION

¶8. Townsend challenges the denial of his PCR motion, arguing he was denied effective assistance of counsel. He has four arguments related to this point. First, he contends that his counsel was ineffective for failing to challenge the "defective indictment." Secondly, he argues that his counsel was deficient for waiving a pre-sentence report. He then claims his counsel errantly "said nothing" while his "rights were being violated." Lastly, he argues that his counsel was ineffective for failing to challenge his non-violent habitual-offender status.

### I. Townsend waived his ineffective-assistance-of-counsel claim.

¶9. Because Townsend plead guilty, we must first determine if he waived any claim of ineffective assistance of counsel.

¶10. "A voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Thomas v. State*, 159 So. 3d 1212, 1215 (¶10) (Miss. Ct. App. 2015) (internal quotations omitted). So Townsend "must demonstrate that his counsel's conduct proximately

3

resulted in the guilty plea, and that but for counsel's errors, he would not have entered the plea." *Id*.

¶11.     Additionally, "trial courts may place great emphasis upon declarations made under oath by a petitioner for post-conviction relief in open court during the taking of guilty pleas and sentencing." *Hickerson v. State*, 336 So. 3d 1134, 1146 (¶36) (Miss. Ct. App. 2022). "[S]olemn declarations in open court carry a strong presumption of verity." *Id*.

¶12.     Townsend was sworn in before his plea colloquy.  During his plea, Townsend repeatedly answered "yes, sir" when asked if he freely and voluntarily admitted his guilt.  He swore under oath he was satisfied with his counsel and had no complaints as to his performance.  By pleading guilty, Townsend waived any claim of ineffective assistance of counsel.

¶13.     Furthermore, Townsend did not support his claims of ineffective assistance of counsel with any affidavits other than his own, which does not meet the standard of our precedent. *Id.* at 1142 (¶20) (holding that a petitioner's claim for ineffective assistance "must be supported by affidavits other than his own").  We affirm the trial court's order denying his PCR motion.

## II.     Townsend's indictment was not facially defective.

¶14.     Even if Townsend's guilty plea had not waived his claim of ineffective assistance of counsel, his arguments would not pass muster.  He argues the conspiracy charge of his indictment was facially "defective" as a result of naming an unidentified confidential informant as his co-conspirator.

4

¶15. Yet his argument runs directly counter to a recent decision by our Supreme Court. Conspiracy to commit a criminal act is prohibited by state law. Miss. Code Ann. § 97-1-1 (Rev. 2020). "[I]t is crystal clear the legislature's 2007 amendment to Section 97-1-1(2) criminalized unilateral conspiracies." *Henderson v. State*, 323 So. 3d 1020, 1026 (¶16) (Miss. 2021). Further, "[i]t is now a statutory felony offense if a person voluntarily and willfully enters into a criminal conspiracy with a law-enforcement officer or informant and that person was not entrapped." *Id.* (internal quotations omitted); *see also Arnold v. State*, 312 So. 3d 748, 750-51 (¶7) (Miss. Ct. App. 2021) (holding that an indictment was not defective because of an unindicted confidential informant). Therefore, the unilateral indictment for conspiracy followed precedent.

¶16. Even if the conspiracy count of the indictment were "defective," it was nolle prosequied by the trial court. He could not have been prejudiced by the conspiracy count because he was not convicted of it.

### III. A pre-sentence report was not required.

¶17. Next, Townsend contends his counsel should not have waived his pre-sentence report. He argues the trial court "must file" a pre-sentence report.

¶18. However, the Mississippi Rules of Criminal Procedure state "a pre-sentence investigation *may* be conducted and a report thereof shall be required for cases where the court has discretion in imposition of sentence." MRCrP 26.3 (emphasis added). Furthermore, our Supreme Court has held "[t]he decision to conduct a pre-sentencing investigation is within the discretion of the trial court and is not mandatory." *Ivory v. State*,

840 So. 2d 755, 759 (¶11) (Miss. 2003). Despite Townsend's claim, the report was not necessary.

¶19. Additionally, the State recommended a sentence which the trial court accepted. Townsend knew of this recommendation in advance of his sentencing. The pre-sentencing was not necessary—rather, it was merely discretionary and dependent on the trial court's decision. There was no error.

### IV. Townsend's due process rights were not violated.

¶20. Townsend also argues his counsel "displayed deficient performance, while sitting/standing [idly] by, saying nothing as [his] rights were being violated." Specifically, he argues his counsel deprived him of his due process rights "[of] the opportunity to be heard [and] to refute whatever evidence may be alleged against him[.]"

¶21. Yet during the plea colloquy the trial court asked Townsend if he understood "by pleading guilty, [he would] be waiving or giving up those constitutional rights" such as "the right to confront and cross-examine witnesses who would testify against you and the right to subpoena witnesses to testify on your behalf." He repeatedly answered "yes" under oath.

¶22. As stated above, a defendant's statements under oath have a high presumption of truth. *Hickerson*, 336 So. 3d at 1146 (¶36). Townsend's sworn in-court statements contradict his claim that he was deprived of the opportunity to "refute" the evidence brought against him. By pleading guilty, Townsend waived such an opportunity. Therefore, there was no deficiency in his counsel, and his claim is without merit.

### V. Townsend is a non-violent habitual offender.

¶23. Townsend contends the State "breached its end" of the plea deal by sentencing him as a habitual offender since he claims he was under the belief that he would not be sentenced as a habitual offender.

¶24. Mississippi Code Annotated section 99-19-81 states, "[E]very person convicted [as a habitual offender] . . . shall be sentenced to the maximum term of imprisonment prescribed for such felony . . . , and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." Miss. Code Ann. § 99-19-81 (Rev. 2020). Additionally, the trial judge has no discretion while sentencing under section 99-19-81. *Wrenn v. State*, 207 So. 3d 1252, 1257 (¶16) (Miss. Ct. App. 2017). "The trial judge has no alternative but to sentence the defendant under said statute." *Id*. Simply stated, even if he did believe he was not going to be sentenced as a habitual offender, the trial judge had no choice but to sentence him as one under the statute.

¶25. Further, when asked if the State's eight year recommendation as a non-violent habitual offender was the one he expected, Townsend did not object to the recommendation. The trial court made it clear that it was not bound by the State's recommendation. Townsend was asked, "[D]o you understand the Court is not bound by the plea agreement but could impose the maximum sentence[?]" to which he responded, "[Y]es, sir." Additionally, in his "Petition to Enter Guilty Plea" signed by Townsend in advance of the plea colloquy, the petition explicitly expressed the State's recommendation that Townsend be sentenced as a non-violent habitual offender. And as seen above, Townsend admitted everything in the petition was true and correct while under oath during the plea colloquy.

¶26. Based on these facts, Townsend understood the possibility of being sentenced as a non-violent habitual offender.

¶27. Finally, Townsend contends his counsel was ineffective because his counsel failed to challenge this classification as a non-violent habitual offender. He claims he was wrongly convicted of a previous conviction of the sale of cocaine. The Supreme Court has held that "[g]enerally, a habitual offender sentencing hearing is neither the time nor place to collaterally challenge a qualifying prior conviction." *Pulliam v. State*, 328 So. 3d 93, 99 (¶22) (Miss. 2021). The Court continued, "[T]he trial court is not required to go beyond the face of the prior convictions sought to be used in establishing the defendant's status as a habitual offender." *Id*. Townsend's counsel could not have challenged the previous conviction. Moreover, during his plea colloquy, Townsend had no objection to the factual basis of his prior conviction read by the court. Therefore, Townsend's claim fails as a matter of law.

## CONCLUSION

¶28. For the foregoing reasons, the trial court's order denying Townsend's PCR motion is affirmed.

¶29. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**

8